AMIN WASSERMAN GURNANI, LLP
William P. Cole, Bar No. 186772
Matthew R. Orr, Bar No. 211097
Richard L. Hyde, Bar No. 286023
515 South Flower St., 18th Floor
Los Angeles, CA 90071
Tel:    (213) 933-2330
Fax:    (312) 884-7352
wcole@awglaw.com
morr@awglaw.com
rhyde@awglaw.com

Attorneys for Defendant Humanco LLC

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY OH,<br><br>   Plaintiff,<br><br>v.<br><br>HUMANCO LLC,<br><br>   Defendant. | State Case No.:   24STCV15654<br><br>**DEFENDANT HUMANCO LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1332(d)** |

**PLEASE TAKE NOTICE** that defendant Humanco LLC hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California. Humanco LLC is entitled to remove this action to federal district court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based on the following:

/ / /

**State Court Action**

1.     On June 24, 2024, plaintiff Judy Oh commenced this action in the Superior Court of the State of California in and for the County of Los Angeles, captioned *Judy Oh v. Humanco LLC, Inc.*, Case No. 24STCV15654 (the "State Court Action"). A true and correct copy of the complaint in the State Court Action is attached hereto as **Exhibit 1** (the "Complaint"). Ms. Oh served the Complaint on Humanco LLC no earlier than July 3, 2024.

2.     In addition to the pleadings and filings mentioned above, all other pleadings, processes, and orders served upon or received by Humanco LLC in the State Court Action or found on the docket in that action are attached hereto.

      a.     The Complaint is attached hereto as **Exhibit 1**;

      b.     The Summons is attached hereto as **Exhibit 2**;

      c.     The Civil Case Cover Sheet is attached hereto as **Exhibit 3**;

      d.     First Amended General Order is attached hereto as **Exhibit 4**;

      e.     The Notice of Case Assignment is attached hereto as **Exhibit 5**;

      f.     Order to Show Cause is attached hereto as **Exhibit 6**;

      g.     Notice of Case Management is attached hereto as **Exhibit 7;** and

      h.     A copy of the docket in the State Court Action is attached hereto as **Exhibit 8**;

3.     The State Court Action is removable to this Court because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and the Central District of California encompasses the location in which the State Court Action is currently pending (*i.e.*, Los Angeles, California). *See* 28 U.S.C. § 84 (setting Los Angeles County in the Central District); *id.* § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

/ / /

DEFENDANT HUMANCO LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1332(d)

**The Action Is Removable Under Diversity Jurisdiction,**

**28 U.S.C. § 1332(a)(1)**

4.      This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

*The Parties Are Citizens of Different States*

5.      An action is removable based on diversity jurisdiction if the controversy is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

6.      Ms. Oh was a citizen and resident of California at the time the Complaint was filed in the State Court Action and remains a citizen of California. (Compl. ¶ 4.)

7.      Humanco LLC is a limited liability company organized under the laws of Delaware and has its principal place of business in Austin, Texas. No Members of Humanco LLC are residents or citizens of California. Humanco LLC is, thus, a citizen of Delaware and Texas and not a citizen of California for purposes of determining diversity.

8.      Because no defendant is a citizen of the same state as a plaintiff, complete diversity of citizenship exists between the parties in this case.

*The Amount in Controversy Exceeds $75,000*

9.      Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.* Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

10.     For purposes of removal only, and without conceding Ms. Oh is entitled to any damages, remedies, or penalties whatsoever, the aggregated claims, as pleaded in the Complaint, exceed the jurisdictional amount of $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("the amount in controversy is the 'amount at stake in the underlying litigation'") (citation omitted); *Woods v. CVS Pharmacy, Inc.*, 2014 WL

360185, at *2 (C.D. Cal. Jan. 30, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe.") (citation omitted). At least $75,000 is at stake in this litigation as independently established through the following elements:

a. *Cost of Injunctive Relief: > $75,000.* Ms. Oh seeks injunctive relief, specifically requiring Humanco LLC to "add a conspicuous 'fill line' to the front of the Product's packaging sold in California;" (Compl. at p. 10 (Prayer for Relief).) The "costs of complying with an injunction" are considered in calculating the amount in controversy. *Fritsch*, 899 F.3d at 793; *see Pagel v. Dairy Farmers of Am., Inc.*, 986 F. Supp. 2d 1151, 1158 (C.D. Cal. 2013); 28 U.S.C. § 1446(c)(2)(A)(i) (allowing "the notice of removal to assert the amount in controversy if the initial pleading seeks nonmonetary relief"). Adding a fill line to the Humanco LLC packaging is a complicated and time-consuming task, and Humanco LLC in no way concedes that such relief is justified or appropriateAdding a fill line to the packaging of the products here would require Humanco LLC—at the very least—to design and print fill-line stickers, and hire one or more additional full-time employees to individually assess each package, and manually place the sticker. The costs to Humanco LLC of complying with Ms. Oh's requested injunctive relief alone will thus exceed $75,000.

b. *Attorney's Fees: > $75,000.* The Complaint also seeks attorneys' fees. (Compl. at p. 10 (Prayer for Relief).) In the Ninth Circuit, the amount in controversy includes future attorneys' fees. *See Fritsch*, 899 F.3d at 794 ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met"). Under the CLRA, "[t]he court shall award court costs and attorney's fees to a prevailing plaintiff in litigation." Cal. Civ. Code § 1780(e); *see Kaupelis v. Harbor Freight Tools USA, Inc.*, 2022 WL 2288895, at * (C.D. Cal. Jan. 12, 2022) (recognizing that a "prevailing plaintiff" receives attorneys' fees under § 1780(e) "as a matter of right"). A removing defendant can establish the likely attorneys' fees for purposes of determining the amount in controversy by identifying cases in which the

plaintiff's counsel has requested similar fees. *See Greene v. Harley- Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020). Ms. Oh's attorneys sought attorneys' fees in an individual action under California statutes at an hourly rate of $750 in 2018. *Martin v. Servicemaster Co.*, 2018 WL 11483059, at *2 (C.D. Cal. Aug. 28, 2018) (using the hourly rate to determine amount in controversy met); *see also Kissel v. Code 42 Software Inc.*, 2018 WL 6113078, at *5 (C.D. Cal. Feb. 20, 2018) (awarding fees in a CLRA class action at an hourly rate of $750). Ms. Oh's attorney would likely seek such an award here; and to obtain at least **$75,000** in fees he need bill only about 100 hours. This litigation, should it proceed past the pleadings, would include the retention of experts to opine on the slack fill and prepare reports setting forth their conclusions. Additionally, those experts would need to be deposed.  Expert discovery and motion practice will easily require Ms. Oh's counsel to expend more than 100 hours on this case. Her counsel would also be required to respond to Humanco LLC's discovery, defend Plaintiff's deposition, and take company depositions. Such actions would certainly entail an additional 100 hours.

11.     Ms. Oh's pleaded assertions and theories of recovery establish the amount in controversy exceeds $75,000 as either the injunctive relief or attorneys' fees alone will exceed $75,000.

12.     Ms. Oh cannot avoid removal by merely stating that she "does not seek in excess of $75,000 in damages" and asserting that the "minor injunctive relief requested . . . can be accomplished for less than $25,000" (Compl. ¶ 48), because this is neither a legally binding stipulation nor an express limitation. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013) (explaining an individual plaintiff may avoid removal by executing a "*binding* affidavit or stipulation that the plaintiff will continue to claim less than the jurisdictional amount"). Ms. Oh cannot control the cost to Humanco LLC of compliance with her requested injunctive relief. *See Rodriguez v. Foot Locker Corp. Servs., Inc.*, 2020 WL 6818448, at *2 (C.D. Cal. Nov. 20, 2020) (finding "nonmonetary relief alone exceeds $75,000" despite plaintiff "limit[ing] damages to a total of $34,999.00 in statutory damages and $15,000.00 in costs for complying with

injunctive relief"). As explained above, there is nothing "minor" about her requested injunctive relief. Removal is proper where, as here, Humanco LLC provides "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89.

### Humanco LLC Satisfies the Requirements of 28 U.S.C. § 1446

13.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* U.S.C. § 1446(a).

14.     This Notice of Removal has been filed within 30 days of July 3, 2024, the earliest date that Ms. Oh purports to have served the Complaint on Humanco LLC's registered agent and from which it was first ascertainable this case was removable. *See* 28 U.S.C. § 1446(b)(2)(3).

15.     Concurrently with the filing of this Notice, Humanco LLC is giving written notice to all adverse parties and is filing a copy of this Notice with the clerk of the Superior Court of the State of California in and for the County of Los Angeles. *See* 28 U.S.C. § 1446(d).

16.     Humanco LLC does not waive and expressly reserves all objections, defenses, and exceptions authorized by law, including but not limited to those pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Humanco LLC removes the State Court Action to this Court.


Dated:  August 1, 2024                    **AMIN WASSERMAN GURNANI, LLP**


                                          **/s/ *Matthew R. Orr* _____**
                                          Matthew R. Orr


                                          *Attorneys for Defendant Humanco LLC*

DEFENDANT HUMANCO LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1332(d)